NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DEVORAH GENEVA ST. JEROME WHITE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAPITOLA POST OFFICE, et. al.,<br><br>　　　　　　　　　Defendants. | Case Number C 06-06039 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 18, 20] |

### I. BACKGROUND

On August 18, 2006, Plaintiff Devorah Geneva St. Jerome White filed a complaint in Santa Cruz Superior Court. Plaintiff acts *pro se*. Plaintiff appears to allege that a number of individuals, organizations, and government agencies located in Capitola, California conspired to violate her civil rights. Plaintiff describes the alleged activity as "violation of civil rights, violation of privacy, discrimination, defamation - incurring personal injury & damage to Plaintiff." Complaint 1.[2] The complaint names twenty six defendants including the Capitola

---

[1] This disposition is not designated for publication and may not be cited.

[2] The Complaint is filed as Exhibit A to the Notice of Removal.

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

Post Office, other divisions of the United States Postal Service, the Cities of Capitola and Santa Cruz, the District Attorney's and Public Defender's Offices, the Dominican Hospital, and a number of individuals.[3] The complaint includes nine federal defendants ("the Federal Defendants").[4] The complaint consists primarily of a numbered list of the defendants with a paragraph or two under each defendant providing conclusory allegations of their alleged involvement in the alleged violations of Plaintiff's legal rights.[5] The complaint also includes a

---

[3] Plaintiff identifies the twenty six defendants as follows: The Capitola Post Office; U.S. Postal Service & Inspection; U.S. Postal Service; U.S. Postal Center; U.S. Postal Service Consumer Affairs; Capitola Police Dept.; City of Capitola; District Attorney's Office; Public Defender's Office; City of Santa Cruz; Dominican Hospital; Dept. of Highway Patrol; Dept. of Justice; Commission of Judicial Performance; California Bar Association - Office of Chief Trial Counsel; Rick Arroyo (Postmaster); Tina Brown (Postal Carrier); Howard Quinn (Postal Inspector); Q.P. Howard (Postal Inspector); Officer Mike Gonzales (Police Officer); Bob Lee (District Attorney); Richard McAdams (Judge); Jeff Almquist (Judge); Judge Stevens (Judge); Irvin H. Joseph (Judge); Marla Lytle ("Fatal Attraction" & "Henchperson").

The complaint also lists "Angela (Sullivan) Crowe ('Homewrecker' & 'Femme Fatale')" as a "material witness." Complaint 10.

[4] The Federal Defendants are: Capitola Post Office; Rich Araujo, Postmaster of the Capitola Post Office; Tina Brown, letter carrier at the Capitola Post Office; Howard Quinn, postal inspector; Q.P. Howard, postal inspector; U.S. Postal Service & Inspection, San Jose; U.S. Postal Service, San Francisco; U.S. Postal Center, San Francisco; U.S. Postal Consumer Affairs, Oakland. Notice of Removal 2.

[5] For example, paragraph 23 of the complaint reads:

23. Jeff Almquist (Judge) 4 counts of contempt # M19863 ("A wink and a nod")
701 Ocean St., Santa Cruz, CA 95060
Abuses of power. Possibility of accepting bribes. Conspiracy. Obstruction of Justice. Discrimination. Intimidation. Negligence. (He had the power to drop the bogus counts, & to initiate an investigation of my perpetrators & conspirators, etc.). Defamation. Disregarded my Declaration of Response. Denied me impartial fair hearings. Rude improper treatment of me (insinuating that I am a mental case, along with the D.A.). Expressions of bias. Allowing my perpetrators & conspirators with positions of power or connections to power to [sic] influence his Judicial decision making. Conflict of interest. "Kangaroo Courts" (approx. 2 yrs.) based upon false reports, false allegations, railroad perjury, false documents, false ILLEGAL restraining order, & bogus counts. Denied impartial proper defense (D.A. & Judge bribed Public Defenders Office to not defend me properly or impartially). Sabotaged Jury Trials. Violation of Civil Rights. (2003-2005).

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

section entitled "Some legal terms applicable to my Civil Rights Crisis." Complaint 10. These terms are: "Violation of Civil Rights; Damages; Duress, Menace, Fraud, Undue Influence & Mistake; Harrassment [sic]; Libel & Slander (& Perjury); Malicious Prosecution & Abuse of Process; Mental Suffering & Emotional Distress; Negligence; Medical Malpractice; Violation of Privacy; Invasion of Privacy; Conflicts of Interest; Obstruction of Justice!" *Id.*[6] The complaint seeks damages of $120,000,000.[7]

On September 28, 2006, the Federal Defendants removed the case to this Court pursuant to 39 U.S.C. § 409(a), 28 U.S.C. §§ 1339, 1441(a), and 2679(d)(2). On October 5, 2006,[8] the Federal Defendants moved to dismiss the complaint and, alternatively, for more definite statement ("Federal Defendants motion"). The Federal Defendants assert that the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity as to Plaintiff's allegations against the Federal Defendants, that the case should be dismissed as frivolous, and that the complaint should be dismissed for failure to meet pleading requirements.[9]

On October 31, 2006, Defendants City of Santa Cruz, City of Capitola, Capitola Police Department, and Officer Mark Gonzalez ("City Defendants") moved to dismiss the complaint. The City Defendants assert that the complaint fails to state a claim for relief, that the complaint fails to meet pleading requirements, that the complaint is frivolous, that Plaintiff fails to allege compliance with the claims-filing requirements of the California Tort Claims Act, that the

---

[6] It appears that the Federal Defendants may have unintentionally cropped an additional term from the bottom of page ten of the complaint when copying it as an exhibit to the notice of removal.

[7] This amount consists of $50,000,000 (out-of-court settlement) and $70,000,000 (in-court restitution).

[8] The Federal Defendants filed an amended motion to dismiss on November 1, 2006. This amendment includes the revised hearing date, but does not otherwise modify the motion.

[9] The Federal Defendants request judicial notice of a temporary restraining order issued by the Santa Cruz Superior Court on April 24, 2003. The temporary restraining order names Plaintiff as the defendant and is for the benefit of Tina Renee Brown, a defendant in this case. The Court will grant this request.

3

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

1  complaint should be dismissed under 28 U.S.C. § 1915(3)(2)(B), and that Plaintiff does not have
2  legal capacity to sue.
3        Plaintiff filed a number of letters in apparent opposition to the motions, but did not file a
4  formal opposition. The moving defendants represent that they received no such correspondence
5  from Plaintiff. On December 8, 2006, the Federal Defendants filed a reply asking the Court to
6  grant their motion as unopposed. The Court heard oral argument on December 22, 2006.
7  Plaintiff did not appear at oral argument.

## II. LEGAL STANDARD

9        "A court may dismiss a complaint only if it is clear that no relief could be granted under
10 any set of facts that could be proved consistent with the allegations." *Hishon v. King &*
11 *Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's
12 allegations are taken as true, and the Court must construe the complaint in the light most
13 favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a
14 *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to
15 be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi*
16 *v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant
17 must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint
18 cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir.
19 1995).

## III. DISCUSSION

21       The complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires
22 that a complaint include "a short and plain statement of the claim showing that the pleader is
23 entitled to relief." The complaint makes a number of broad, conclusory allegations regarding a
24 conspiracy to deprive Plaintiff of her legal rights, but does not provide an intelligible statement
25 of the alleged offensive conduct and the bases upon which Plaintiff claims relief. The complaint
26 does not provide the defendants with adequate notice of the allegations to prepare a defense.
27 Accordingly, Plaintiff may not proceed with this action as the complaint currently stands. The
28 Court will dismiss the complaint.

1   The Court concludes that it should not grant leave to amend the complaint at the present
2   time. The complaint does not state a discernible cause of action against any of the moving
3   defendants, and it appears to be frivolous. The complaint does not identify any statutory or
4   common law rights that Plaintiff believes have been violated and does not allege any facts that
5   indicate that a legal wrong may have been committed by the moving defendants. Moreover, even
6   if such facts appeared in the complaint or if Plaintiff had identified a relevant statutory section,
7   the Federal Defendants appear to have immunity from suit and the City Defendants have raised
8   an apparently dispositive jurisdictional argument with respect to Plaintiff's failure to meet the
9   requirements of the California Tort Claims Act. The Court would have been inclined to grant
10  leave to amend if Plaintiff had filed proper opposition or appeared at the hearing, but Plaintiff did
11  neither. Accordingly, the Court will grant the motion to dismiss without leave to amend and will
12  enter judgment. Plaintiff may file a motion for relief from judgment under Federal Rule of Civil
13  Procedure 60 should she wish to proceed with the present action.
14      The dismissal of the complaint as to the Federal Defendants and the City Defendants
15  leaves thirteen defendants in the case. Seven defendants have not responded to the complaint
16  since its removal.[10] On November 20, 2006, Defendant Public Defender's Office moved to
17  dismiss the claims against it.[11] On November 11, 2006, Defendants Justice Richard McAdams of
18  the California Court of Appeal, and Judges Jeff Almquist, Samuel S. Stevens, and Irwin H.
19  Joseph of the Santa Cruz Superior Court also moved to dismiss the claims against them. On
20  December 12, 2006, Defendant Commission on Judicial Performance filed a notice of joinder
21  with the State Judicial Defendants' motion. Oral argument initially was scheduled for January
22  22, 2007. However, the Court concludes that these motions are appropriate for decision without

---

24  [10] These defendants are the District Attorney's Office, Dominican Hospital, Department
    of Highway Patrol, Department of Justice, California Bar Association, Bobby Lee, and Marla
25  Lytle. The Court has not received a copy of the state court docket, so it does not know whether
    these defendants responded to the complaint in state court. The Court also does not know
26  whether these defendants have been served.

28  [11] The motion is filed on behalf of Defendants Biggam, Christensen, and Minsloff, who
    believe themselves to be sued as the "Public Defenders Office."

5

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

1  oral argument under Civ. L.R. 7-1(B). Any opposition to these motions must be filed by January
2  2, 2007. Any reply must be filed by January 8, 2007.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED without leave to amend. Judgment shall be entered for the moving defendants.

The motion hearing scheduled for January 22, 2007 is vacated.

DATED: December 22, 2006.

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

This Order has been served upon the following persons:

| | |
|---|---|
| Chinhayi J. Coleman | chinhayi.j.coleman@usdoj.gov |
| Paul T. Hammerness | paul.hammerness@doj.ca.gov |
| Mark J. Hancock | mark.hancock@sdma.com, steven.wasserman@sdma.com; marion.tate@sdma.com |
| George J. Kovacevich | szieber@abc-law.com |
| Steven D. Wasserman | steven.wasserman@sdma.com, Rhonda.Gillis@sdma.com; sdmacalendaring@sdma.com; kara.rohe@sdma.com; rachel.pelletier@sdma.com; eric.seidlitz@sdma.com; marlene.adelman@sdma.com |

Notice will be delivered by other means to:

Erik Ryan Seidlitz
Sedgwick, Detert, Moran & Arnold LLP
Steuart Tower
1 Market Plz 8th Fl
San Francisco, CA 94105

Devorah Geneva St Jerome White
208-1/2 California Avenue
Capitola, CA 95010