\*\*Original Filed 1/17/2007\*\*

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DEVORAH GENEVA ST. JEROME WHITE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAPITOLA POST OFFICE, et al.,<br><br>　　　　　　　　Defendants. | Case Number C 06-06039 JF (RS)<br><br>ORDER[1] GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 19, 38, 47] |

Defendant Public Defender's Office and defendants Justice Richard McAdams of the California Court of Appeal, and Judges Jeff Almquist, Samuel S. Stevens, and Irwin H. Joseph of the Santa Cruz Superior Court (collectively, "State Judicial Defendants") move to dismiss the complaint. Defendant Commission on Judicial Performance joins the State Judicial Defendants' motion. For the reasons discussed below, the motions will be granted.

## I. BACKGROUND

On August 18, 2006, Plaintiff Devorah Geneva St. Jerome White filed a complaint in Santa Cruz Superior Court. Plaintiff acts *pro se*. Plaintiff appears to allege that a number of

---

[1] This disposition is not designated for publication and may not be cited.

individuals, organizations, and government agencies located in Capitola, California conspired to violate her civil rights. Plaintiff describes the alleged activity as "violation of civil rights, violation of privacy, discrimination, defamation - incurring personal injury & damage to Plaintiff." Complaint 1.[2] The complaint names twenty-six defendants including the Capitola Post Office, other divisions of the United States Postal Service, the Cities of Capitola and Santa Cruz, the District Attorney's and Public Defender's Offices, the Dominican Hospital, and a number of individuals.[3] The complaint includes nine federal defendants ("the Federal Defendants"). The complaint consists primarily of a numbered list of the defendants with a paragraph or two under each defendant providing conclusory allegations of their alleged involvement in the alleged violations of Plaintiff's legal rights.[4] The complaint also includes a

---

[2] The Complaint is filed as Exhibit A to the Notice of Removal.

[3] Plaintiff identifies the twenty six defendants as follows: The Capitola Post Office; U.S. Postal Service & Inspection; U.S. Postal Service; U.S. Postal Center; U.S. Postal Service Consumer Affairs; Capitola Police Dept.; City of Capitola; District Attorney's Office; Public Defender's Office; City of Santa Cruz; Dominican Hospital; Dept. of Highway Patrol; Dept. of Justice; Commission of Judicial Performance; California Bar Association - Office of Chief Trial Counsel; Rick Arroyo (Postmaster); Tina Brown (Postal Carrier); Howard Quinn (Postal Inspector); Q.P. Howard (Postal Inspector); Officer Mike Gonzales (Police Officer); Bob Lee (District Attorney); Richard McAdams (Judge); Jeff Almquist (Judge); Judge Stevens (Judge); Irvin H. Joseph (Judge); Marla Lytle ("Fatal Attraction" & "Henchperson").

The complaint also lists "Angela (Sullivan) Crowe ('Homewrecker' & 'Femme Fatale')" as a "material witness." Complaint 10.

[4] For example, paragraph 23 of the complaint reads:

23. Jeff Almquist (Judge) 4 counts of contempt # M19863 ("A wink and a nod")
701 Ocean St., Santa Cruz, CA 95060
Abuses of power. Possibility of accepting bribes. Conspiracy. Obstruction of Justice. Discrimination. Intimidation. Negligence. (He had the power to drop the bogus counts, & to initiate an investigation of my perpetrators & conspirators, etc.). Defamation. Disregarded my Declaration of Response. Denied me impartial fair hearings. Rude improper treatment of me (insinuating that I am a mental case, along with the D.A.). Expressions of bias. Allowing my perpetrators & conspirators with positions of power or connections to power to [sic] influence his Judicial decision making. Conflict of interest. "Kangaroo Courts" (approx. 2 yrs.) based upon false reports, false allegations, railroad perjury, false documents, false ILLEGAL restraining order, & bogus counts. Denied impartial proper

2

Case No. C 06-06039 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)

1  section entitled "Some legal terms applicable to my Civil Rights Crisis." Complaint 10.  These
2  terms are: "Violation of Civil Rights; Damages; Duress, Menace, Fraud, Undue Influence &
3  Mistake; Harrassment [sic]; Libel & Slander (& Perjury); Malicious Prosecution & Abuse of
4  Process; Mental Suffering & Emotional Distress; Negligence; Medical Malpractice; Violation of
5  Privacy; Invasion of Privacy; Conflicts of Interest; Obstruction of Justice!" *Id.*[5]  The complaint
6  seeks damages of $120,000,000.[6]

7  On September 28, 2006, the Federal Defendants removed the case to this Court pursuant
8  to 39 U.S.C. § 409(a), 28 U.S.C. §§ 1339, 1441(a), and 2679(d)(2).  On October 5, 2006, the
9  Federal Defendants moved to dismiss the complaint and, alternatively, for more definite
10 statement ("Federal Defendants motion").   On October 31, 2006, Defendants City of Santa Cruz,
11 City of Capitola, Capitola Police Department, and Officer Mark Gonzalez ("City Defendants")
12 moved to dismiss the complaint.  Plaintiff filed a number of letters in apparent opposition to the
13 motions, but did not file a formal opposition.  The Court heard oral argument on the City
14 Defendants and Federal Defendants' motions on December 22, 2006.  Plaintiff did not appear at
15 oral argument.  The Court granted the motions without leave to amend on December 22, 2006.

16 On November 1, 2006, the State Judicial Defendants moved to dismiss the complaint.
17 State Judicial Defendants assert that judicial immunity bars all of Plaintiff's claims, that the
18 *Rooker-Feldman* doctrine applies, and that in addition Plaintiff's state law claims are barred
19 because the complaint does not allege compliance with the claim filing requirements of the
20 California Tort Claims Act.  On December 12, 2006, the Commission on Judicial Performance
21 joined the motion.  On January 5, 2007, the Court ordered that the matter would be taken under

---

defense (D.A. & Judge bribed Public Defenders Office to not defend me properly or impartially).  Sabotaged Jury Trials.  Violation of Civil Rights. (2003-2005).

[5] It appears that the Federal Defendants unintentionally may have cropped an additional term from the bottom of page ten of the complaint when copying it as an exhibit to the notice of removal.

[6] This amount consists of $50,000,000 (out-of-court settlement) and $70,000,000 (in-court restitution).

1  submission without oral argument, and that any opposition should be filed on or before January
2  12, 2007.  Plaintiff filed a number of pieces of correspondence, which the Court has considered,
3  but did not formally oppose the motion.

4  On November 20, 2006, Defendant Public Defender's Office[7] filed a motion to dismiss
5  the complaint.  The Public Defender's Office asserts that Plaintiff has not alleged a compensable
6  injury, that the *Wiley/Coscia* rule applies to all claims purportedly alleged in the Complaint, and
7  that the Complaint is unintelligible.  On January 5, 2007, the Court ordered that the matter would
8  be taken under submission without oral argument, and that any opposition should be filed on or
9  before January 12, 2007.  Plaintiff filed a number of pieces of correspondence, which the Court
10 has considered, but did not formally oppose the motion.

## II. LEGAL STANDARD

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).  Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

As the Court ruled on December 22, 2006, the complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires that a complaint include "a short and plain

---

[7] The motion is filed in the name of Defendants Biggam, Christensen, and Minsloff who believe themselves to be sued as the "Public Defender's Office."  For the purposes of this motion, the Court will refer to these Defendants as the Public Defender's Office.

4

statement of the claim showing that the pleader is entitled to relief." The complaint makes a number of broad, conclusory allegations regarding a conspiracy to deprive Plaintiff of her legal rights, but does not provide an intelligible statement of the alleged offensive conduct and the bases upon which Plaintiff claims relief. The complaint does not provide the defendants with adequate notice of the allegations to prepare a defense. Accordingly, Plaintiff may not proceed with this action as the complaint currently stands.

The Court concludes that it should not grant leave to amend the complaint at the present time. The complaint does not state a discernible cause of action against any of the moving defendants, and it appears to be frivolous. The complaint does not identify any statutory or common law rights that Plaintiff believes have been violated and does not allege any facts that indicate that a legal wrong may have been committed by the moving defendants. Moreover, even if such facts appeared in the complaint or if Plaintiff had identified a relevant statutory section, the State Judicial Defendants appear to have immunity from suit and the Public Defender's Office has raised multiple, apparently dispositive arguments. The Court would have been inclined to grant leave to amend if Plaintiff had filed proper opposition, but Plaintiff did not do so. Accordingly, the Court will grant the motions to dismiss without leave to amend and will enter judgment. Plaintiff may file a motion for relief from judgment under Federal Rule of Civil Procedure 60 should she wish to proceed with the present action.

Dismissal of the State Judicial Defendants, the Commission on Judicial Performance, and the Public Defender's Office leaves the following seven Defendants in the case: the District Attorney's Office, Dominican Hospital, Department of Highway Patrol, Department of Justice, California Bar Association, Bobby Lee, and Marla Lytle. The Court has not received a copy of the state court docket, so it does not know whether these defendants responded to the complaint in state court, nor does it know whether these defendants have been served.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motions to dismiss filed by the Public Defender's Office and the State Judicial Defendants, as joined by the Commission on Judicial Performance, are GRANTED without leave to amend.

1
2  DATED: January 17, 2007.
3
4
5  _____
   JEREMY FOGEL
6  United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

Case No. C 06-06039 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)

1 | This Order has been served upon the following persons:

2 | Chinhayi J. Coleman        chinhayi.j.coleman@usdoj.gov

3 | Paul T. Hammerness         paul.hammerness@doj.ca.gov

4 | Mark J. Hancock            mark.hancock@sdma.com, steven.wasserman@sdma.com;
                               marion.tate@sdma.com
5 |

  | George J. Kovacevich       szieber@abc-law.com
6 |

  | Steven D. Wasserman        steven.wasserman@sdma.com, Rhonda.Gillis@sdma.com;
7 |                            sdmacalendaring@sdma.com; kara.rohe@sdma.com;
                               rachel.pelletier@sdma.com; eric.seidlitz@sdma.com;
8 |                            marlene.adelman@sdma.com

9 | Notice will be delivered by other means to:

10 | Erik Ryan Seidlitz
    Sedgwick, Detert, Moran & Arnold LLP
11 | Steuart Tower
    1 Market Plz 8th Fl
12 | San Francisco, CA 94105

13 | Devorah Geneva St Jerome White
    208-1/2 California Avenue
14 | Capitola, CA 95010

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-06039 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC1)