NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEVORAH GENEVA ST. JEROME WHITE,<br><br>Plaintiff,<br><br>v.<br><br>CAPITOLA POST OFFICE, et. al.,<br><br>Defendants. | Case Number C 06-06039 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 96, 98, 103] |

**I. BACKGROUND**

On August 18, 2006, Plaintiff Devorah Geneva St. Jerome White ("Plaintiff"), acting *pro se*, filed a complaint in the Santa Cruz Superior Court. The complaint names twenty six defendants.[2] *See generally* Complaint. It alleges "[v]iolation of civil rights, violation of privacy,

---

[1] This disposition is not designated for publication and may not be cited.

[2] Plaintiff identified the twenty-six defendants as follows: The Capitola Post Office; Rick Arroyo [sic] (postmaster of the Capitola Post Office); Tina Brown (postal carrier of the Capitola Post Office); Howard Quinn (postal inspector); Q.P. Howard (postal inspector); U.S. Postal Service & Inspection (San Jose); U.S. Postal Service (San Francisco); U.S. Postal Center (San Francisco); U.S. Postal Consumer Affairs (Oakland); Capitola Police Department; City of Capitola; The District Attorney's Office; The Public Defender's Office; City of Santa Cruz;

discrimination, defamation - incurring personal injury & damage to plaintiff." *Id.* at 1. The body of the complaint consists of a list of the Defendants, accompanied by a short description of their alleged involvement in the events at issue. It also includes a section entitled "Some legal terms applicable to my Civil Rights Crisis." *Id.* at 10. These terms are: "Violation of Civil Rights; Damages; Duress, Menace, Fraud, Undue Influence & Mistake; Harrassment [sic]; Libel & Slander (& Perjury); Malicious Prosecution & Abuse of Process; Mental Suffering & Emotional Distress; Negligence; Medical Malpractice; Violation of Privacy; Invasion of Privacy; Conflicts of Interest; Obstruction of Justice!" *Id.*[3] The summons served with the complaint indicates that Plaintiff is seeking damages of $120,000,000.[4] Summons, 4.

On September 28, 2006, the Federal Defendants removed the case to this Court pursuant to 39 U.S.C. § 409(a), 28 U.S.C. §§ 1339, 1441(a), and 2679(d)(2). On December 18, 2007, Santa Cruz County District Attorney Bob Lee and the Santa Cruz County District Attorney's Office (together, "Moving Defendants") moved to dismiss the complaint or, alternatively, for a more definite statement. On December 20, 2007, Moving Defendants filed an amended motion to dismiss. On January 24, 2008, Moving Defendants filed a second amended motion to dismiss. ("Motion to Dismiss"). Moving Defendants assert that Plaintiff's complaint fails to set forth facts sufficient to state a claim against them, that they enjoy absolute prosecutorial immunity, and that, to the extent Plaintiff is pursuing tort claims under California law, such claims must be dismissed because of Plaintiff's failure to allege compliance with state law administrative exhaustion requirements. Motion to Dismiss, 2.

---

Dominican Hospital; Department of Highway Patrol; Department of Justice; Commission of Judicial Performance; California Bar Association - Office of Chief Trial Counsel; Mike Gonzalez (Police Officer of Capitola Police Department); Bob Lee (District Attorney of Santa Cruz Superior Court); Richard McAdams (Judge of Santa Cruz Superior Court); Jeff Almquist (Judge of Santa Cruz Superior Court); Stevens (Judge of Santa Cruz Superior Court); Irwin H. Joseph (Judge of Santa Cruz Superior Court); and Marla Lytle.

[3] The Court notes that additional terms may have been omitted when the complaint was converted to PDF.

[4] It appears from Plaintiff's papers that she is seeking both $50,000,000 for an out-of-court settlement and $70,000,000 for in-court restitution.

2

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX2)

1      Plaintiff has filed a number of letters in apparent opposition to the motion, but she did not
2 file formal opposition papers.  The Court has considered the moving papers, Plaintiff's
3 submission and the arguments presented at the hearing on March 14, 2008.  For the reasons set
4 forth below, the motion to dismiss will be granted, without leave to amend.

## II. LEGAL STANDARD

6      "A court may dismiss a complaint only if it is clear that no relief could be granted under
7 any set of facts that could be proved consistent with the allegations."  *Hishon v. King &
8 Spaulding*, 467 U.S. 69, 73 (1984).  For purposes of a motion to dismiss, the plaintiff's
9 allegations are taken as true, and the Court must construe the complaint in the light most
10 favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The pleading of a
11 *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to
12 be afforded the benefit of any doubt.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi
13 v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988).  Further, a *pro se* litigant must
14 be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot
15 be cured by amendment.  *Lucas v. Dep't. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

17      Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain
18 statement of the claim showing that the pleader is entitled to relief."  A Rule 8(a) claim for relief
19 must provide fair notice both of the nature of the claim and the facts that underlie the claim.
20 *Grid Sys. Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1037 (N.D. Cal. 1991).
21 Accordingly, conclusory allegations unsupported by any specific facts are not sufficient to defeat
22 a motion to dismiss.  *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).  Plaintiff's
23 complaint does not comply with Rule 8(a).  The complaint makes a number of broad, conclusory
24 allegations regarding a conspiracy to deprive Plaintiff of her legal rights but does not provide an
25 intelligible statement of the alleged offensive conduct and the bases upon which Plaintiff claims
26 relief.  With respect to the District Attorney's Office, the complaint states:
27      Abuse of Power.  Abusing the contempt powers.  Malicious prosecution & abuse of
         process.  Allowed bashing & hate crimes & illegalities against me (along with giving
28      offenders EXPRESS permission to abuse & violate me.)  Accepting bribes.

>     Conspiracy.  Cover-ups & obstruction of justice.  Discrimination Bias.  Entrapment.
>     Gave EXPRESS permission for Capitola postal, police, & locals to incite against me
>     & set up entrapments.  Exploitation (of my Religion).  False allegations.  Slander &
>     propigating [sic] perjury (Defamation).  Intentional injuries to reputation.
>     Harassment, intimidation, threats.  Negligence.  Denied me any & all protection.
>     Also denied me any and all communication with police, & sheriffs, & investigators,
>     & postal inspectors, among other officials - for approx 2 yrs. (2001-2005).
>     VIOLATION OF CIVIL RIGHTS.

Complaint ¶ 8.  With only slight modifications, the complaint recites the same allegations with respect to District Attorney Bob Lee.  Complaint ¶ 21.  To the extent that she is alleging a violation of her civil rights under 42 U.S.C. § 1983, Plaintiff must make some showing of an actual connection between the actions of Defendants and the deprivation she allegedly suffered. *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 691-94 (1978); *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).  To the extent that she is alleging a state law negligence claim, Plaintiff must provide a statement of the facts constituting the claim.  Cal. Code Civ. Pro. § 425.10.  Because Plaintiff fails to satisfy the requirements of either claim, Moving Defendants have not received adequate notice of the nature of the claim or the facts underlying the claim which would allow them to prepare a defense.  Accordingly, the complaint is subject to dismissal.

Ordinarily, keeping in mind the liberal pleading standards applicable to pro se litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.3d 621, 623 (9th Cir. 1988), the Court would grant Plaintiff leave to amend.  However, the Court concludes that leave to amend would be inappropriate here.  The complaint does not state a discernible cause of action against any of the Moving Defendants, and while the Court does not doubt Plaintiff's sincerity, the claims appear to be legally frivolous.  The complaint does not identify any statutory or common law rights that Moving Defendants allegedly have violated and does not allege any facts that indicate that a legal wrong may have been committed by the Moving Defendants.  Moreover, even if such facts appeared in the complaint or if Plaintiff had identified a relevant statutory section, Moving Defendants appear to be immune from suit under both federal and state law, and they have raised an apparently dispositive jurisdictional argument with respect to Plaintiff's failure to meet the requirements of the California Tort Claims Act.  The Court still might have been inclined to grant leave to amend if Plaintiff had filed proper

opposition, but she did not, and in response to a direct inquiry by the Court at oral argument, Plaintiff stated that she could not allege any additional facts. Accordingly, the Court will grant the motion to dismiss as to the Moving Defendants, without leave to amend.

### IV. ORDER

For the reasons set forth above, Defendants' motion to dismiss is GRANTED, without leave to amend.

IT IS SO ORDERED.

DATED: May 21, 2008.

                                              JEREMY FOGEL
                                              United States District Judge

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX2)

1  This Order has been served upon the following persons:

2  <u>Counsel for Plaintiff</u>

3  Devorah Geneva St Jerome White
   *Pro Se*
4  208-1/2 California Avenue
   Capitola, CA 95010

6  <u>Counsel for Defendants</u>

7  Dana McRae
   *County Counsel, County of Santa Cruz*
8  701 Ocean Street, Room 505
   Santa Cruz, California 95060

6

Case No. C 06-06039 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX2)